CATHERINE L. MANSKE (SBN: 183815)
GORDON & REES LLP
655 University Avenue, Suite 200
Sacramento, CA 95825
Telephone: (916) 565-2900
Facsimile: (916) 920-4402

Attorneys for Defendant
ELLIOTT AUTO SUPPLY CO., INC.
dba FACTORY MOTOR PARTS CO.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

John Papagni, an individual,

Plaintiff,

vs.

Elliott Auto Supply Co., Inc., a Minnesota Corporation et al,

Defendants.

CASE NO. 1:09-CV-00041-OWW-GSA

**DEFENDANT ELLIOTT AUTO SUPPLY CO., INC. dba FACTORY MOTOR PARTS CO.'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW defendant ELLIOTT AUTO SUPPLY CO., INC. dba FACTORY MOTOR PARTS CO. (hereinafter "Defendant"), by and through its counsel, and answers plaintiff JOHN PAPAGNI'S (hereinafter "Plaintiff") complaint as follows.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. Responding to Paragraph 1 of the complaint, defendant admits that plaintiff is an adult, but has insufficient information to admit or deny the remaining allegations in this paragraph.

2. Responding to Paragraph 2 of the complaint, defendant admits the factual allegations in this paragraph.

3. Responding to Paragraph 3 of the complaint, defendant admits the factual allegations in this paragraph.



Gordon & Rees LLP
655 University Avenue, Suite 200
Sacramento, CA 95825

4. Responding to Paragraph 4 of the complaint, defendant admits that Robert Gray has been a general manager at defendant's Fresno operation, but denies the remaining allegations in this paragraph.

5. Responding to Paragraph 5 of the complaint, defendant responds that this paragraph contains no material factual allegations to which an answer is required.

6. Responding to Paragraph 6 of the complaint, defendant responds that this paragraph contains no material factual allegations to which an answer is required.

7. Responding to Paragraph 7 of the complaint, defendant responds that this paragraph contains no material factual allegations to which an answer is required.

8. Responding to Paragraph 8 of the complaint, defendant denies the allegations contained in this paragraph.

9. Responding to Paragraph 9 of the complaint, defendant denies the allegations contained in this paragraph.

10. Responding to Paragraph 10 of the complaint, defendant denies the allegations contained in this paragraph.

11. Responding to Paragraph 11 of the complaint, defendant admits the allegations contained in this paragraph.

12. Responding to Paragraph 12 of the complaint, defendant denies the allegations contained in this paragraph.

13. Responding to Paragraph 13 of the complaint, defendant denies the factual allegations in this paragraph.

14. Responding to Paragraph 14 of the complaint, defendant admits the factual allegations in this paragraph.

15. Responding to Paragraph 15 of the complaint, defendant admits the factual allegations in this paragraph.

16. Responding to Paragraph 16 of the complaint, defendant admits that plaintiff was terminated from his employment on March 3, 2008 but denies the remaining allegations in this paragraph.

Gordon & Rees LLP
655 University Avenue, Suite 200
Sacramento, CA 95825

17. Responding to Paragraph 17 of the complaint, defendant denies the allegations contained in this paragraph.

18. Responding to Paragraph 18 of the complaint, defendant admits the factual allegations in this paragraph.

19. Responding to Paragraph 19 of the complaint, defendant admits the factual allegations in this paragraph.

**FIRST CAUSE OF ACTION**

**Age Discrimination Under the California Fair Employment and Housing Act**

20. Responding to Paragraph 20 of the complaint, as this paragraph incorporates all previously pled allegations, defendant incorporates by reference the response to Paragraphs 1 through 19.

21. Responding to Paragraph 21 of the complaint, defendant denies the allegations contained in this paragraph.

22. Responding to Paragraph 22 of the complaint, defendant denies the allegations contained in this paragraph.

23. Responding to Paragraph 23 of the complaint, defendant admits the allegations contained in this paragraph.

24. Responding to Paragraph 24 of the complaint, defendant admits the allegations contained in this paragraph.

25. Responding to Paragraph 25 of the complaint, defendant admits the allegations contained in this paragraph.

26. Responding to Paragraph 26 of the complaint, defendant denies the allegations contained in this paragraph.

27. Responding to Paragraph 27 of the complaint, defendant denies the allegations contained in this paragraph.

28. Responding to Paragraph 28 of the complaint, defendant admits the allegations contained in this paragraph.

Gordon & Rees LLP
655 University Avenue, Suite 200
Sacramento, CA 95825

29. Responding to Paragraph 29 of the complaint, defendant admits the allegations contained in this paragraph.

30. Responding to Paragraph 30 of the complaint, defendant denies the allegations contained in this paragraph.

31. Responding to Paragraph 31 of the complaint, defendant admits that it knew that discriminating against someone on the basis of their age is illegal, but denies the remaining allegations contained in this paragraph.

32. Responding to Paragraph 32 of the complaint, defendant denies the allegations contained in this paragraph.

33. Responding to Paragraph 33 of the complaint, defendant denies the allegations contained in this paragraph.

34. Responding to Paragraph 34 of the complaint, defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

35. Responding to Paragraph 35 of the complaint, defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

**SECOND CAUSE OF ACTION**

**Age Discrimination Under the Age Discrimination in Employment Act**

36. Responding to Paragraph 36 of the complaint, as this paragraph incorporates all previously pled allegations, defendant incorporates by reference the response to Paragraphs 1 through 35.

37. Responding to Paragraph 37 of the complaint, defendant denies the allegations contained in this paragraph.

38. Responding to Paragraph 38 of the complaint, defendant denies the allegations contained in this paragraph.

39. Responding to Paragraph 39 of the complaint, defendant responds that this paragraph contains no material factual allegations to which an answer is required.

40. Responding to Paragraph 40 of the complaint, defendant admits that it knew

Gordon & Rees LLP
655 University Avenue, Suite 200
Sacramento, CA 95825

plaintiff was over the age of 40, but denies the remaining allegations contained in this paragraph.

41. Responding to Paragraph 41 of the complaint, defendant denies the allegations contained in this paragraph.

42. Responding to Paragraph 42 of the complaint, defendant admits the allegations contained in this paragraph.

43. Responding to Paragraph 43 of the complaint, defendant admits the allegations contained in this paragraph.

44. Responding to Paragraph 44 of the complaint, defendant denies the allegation contained in this paragraph.

45. Responding to Paragraph 45 of the complaint, defendant denies the allegations contained in this paragraph.

46. Responding to Paragraph 46 of the complaint, defendant denies the allegations contained in this paragraph.

47. Responding to Paragraph 47 of the complaint, defendant denies the allegations contained in this paragraph.

48. Responding to Paragraph 48 of the complaint, defendant denies the allegations contained in this paragraph.

49. Responding to Paragraph 49 of the complaint, defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

50. Responding to Paragraph 50 of the complaint, defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

51. Responding to Paragraph 51 of the complaint, defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

**THIRD CAUSE OF ACTION**

**Wrongful Discharge in Violation of Public Policy/Tameny –**

**Age Discrimination**

52. Responding to Paragraph 52 of the complaint, as this paragraph incorporates all previously pled allegations, defendant incorporates by reference the response to Paragraphs 1

Gordon & Rees LLP
655 University Avenue, Suite 200
Sacramento, CA 95825

Gordon & Rees LLP
655 University Avenue, Suite 200
Sacramento, CA 95825

through 51.

53. Responding to Paragraph 53 of the complaint, defendant denies the allegations contained in this paragraph.

54. Responding to Paragraph 54 of the complaint, defendant denies the allegations contained in this paragraph.

55. Responding to Paragraph 55 of the complaint, defendant admits the allegations contained in this paragraph.

56. Responding to Paragraph 56 of the complaint, defendant admits the allegations contained in this paragraph.

57. Responding to Paragraph 57 of the complaint, defendant denies the allegation contained in this paragraph.

58. Responding to Paragraph 58 of the complaint, defendant denies the allegations contained in this paragraph.

59. Responding to Paragraph 59 of the complaint, defendant denies the allegations contained in this paragraph.

60. Responding to Paragraph 60 of the complaint, defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

61. Responding to Paragraph 61 of the complaint, defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

62. Responding to Paragraph 62 of the complaint, defendant denies the allegations contained in this paragraph.

63. Responding to Paragraph 63 of the complaint, defendant denies the allegations contained in this paragraph.

**FOURTH CAUSE OF ACTION**

64 – 70. Plaintiff dismissed this cause of action on February 4, 2009.

**PRAYER FOR RELIEF**

1 - 11. To the extent there are material allegations below the "Prayer for Relief" in the complaint, defendant does not have sufficient information at this time to either admit or

deny those allegations and on that basis denies them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AS A FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, defendant alleges that the Complaint fails to state facts sufficient to constitute valid claims for relief against defendant.

### SECOND AFFIRMATIVE DEFENSE

AS A SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, defendant alleges that plaintiff's and the purported claims for relief set forth therein are barred by the applicable statutes of limitations, including but not limited to, Code of Civil Procedure sections 335.1, 338, 343, 29 United States Code section 1626.7 et seq., and California Government Code section 12960 et seq.

### THIRD AFFIRMATIVE DEFENSE

AS A THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, defendant alleges that its actions at all times were reasonable and in response to a legitimate business necessity.

### FOURTH AFFIRMATIVE DEFENSE

AS A FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, defendant alleges that plaintiff or others caused or contributed to the matters alleged, thereby causing and/or contributing to injury or damage, if any.

### FIFTH AFFIRMATIVE DEFENSE

AS A FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, defendant alleges that plaintiff has failed to adequately mitigate his damages and thus is barred from recovering such damages.

### SIXTH AFFIRMATIVE DEFENSE

AS A SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, defendant alleges that the complaint is barred by the doctrine of laches.

///

Gordon & Rees LLP
655 University Avenue, Suite 200
Sacramento, CA 95825

Gordon & Rees LLP
655 University Avenue, Suite 200
Sacramento, CA 95825

**SEVENTH AFFIRMATIVE DEFENSE**

AS A SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, defendant alleges that the complaint is barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

AS AN EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, defendant alleges that to the extent that the complaint seeks punitive or exemplary damages, each and every cause of action fails to state sufficient facts to support the punitive or exemplary damages claimed.

**NINTH AFFIRMATIVE DEFENSE**

AS A NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, defendant alleges that the complaint is barred by the doctrine of waiver.

**TENTH AFFIRMATIVE DEFENSE**

AS A TENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, defendant alleges that plaintiff at all times acknowledged, ratified, acquiesced and gave his consent, express or implied, to the acts, omissions, representations, and courses of conduct of defendant as alleged in the complaint and each cause of action contained therein.

**ELEVENTH AFFIRMATIVE DEFENSE**

AS AN ELEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, defendant alleges that it was privileged in doing the things about which plaintiff complains

**TWELFTH AFFIRMATIVE DEFENSE**

AS A TWELFTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, defendant asserts that plaintiff's recovery is limited in whole or in part by the doctrine of after-acquired evidence.

**PRAYER FOR RELIEF**

WHEREFORE, defendant prays as follows:

1. That plaintiff's complaint, and the whole thereof, be dismissed;
2. That plaintiff takes nothing by reason of the complaint;

3. That judgment be rendered in favor of defendant;

4. That defendant be awarded its attorneys' fees and costs of suit incurred in defense of this action; and,

5. For such other relief as the court deems just and proper.

**REQUEST FOR JURY TRIAL**

Defendant hereby requests a jury trial.

Dated: March 6, 2009

GORDON & REES LLP

By: /s/ Catherine L. Manske
Catherine L. Manske
Attorneys for Defendants
ELLIOTT AUTO SUPPLY CO., INC.
dba FACTORY MOTOR PARTS CO.

Gordon & Rees LLP
655 University Avenue, Suite 200
Sacramento, CA 95825